UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Hugh Page, Jr.,
    Plaintiff

vs

Correctional Officer Howard, et. al.,
    Defendants

Case No. C-1-09-599
(Dlott, J)
(Hogan, M.J.)

## REPORT AND RECOMMENDATION
## and
## ORDER

    This matter is before the Court on Defendants' Motion to Dismiss (Doc. 11), Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss (Doc. 14), and Defendants' Reply thereto (Doc. 15). Also before the Court is Defendants' Motion to Stay Discovery (Doc. 13).

## BACKGROUND

    Plaintiff, an inmate in the custody of the Southern Ohio Correctional Facility ("SOCF") filed this action alleging that he was injured as a result of Defendants' excessive use of force arising out of an incident which occurred on February 22, 2007. (Doc. 3). Defendants are employees of SOCF, specifically, Correctional Officer Chin, Correctional Officer Howard, Correctional Officer C. Payne, Sgt. Forrest Hunt and Sgt. Humphrey. All are sued in their official and individual capacities. (Id.).

    Plaintiff alleges that on February 22, 2007, Defendants, in response to a "man down alarm" in K-6 population dorm, used force upon Plaintiff in order to restrain him. (Doc. 3, at ¶¶ 6-14). Plaintiff alleges that Defendants sprayed him with pepper spray in the face, slammed him against a cell wall and the floor, and repeatedly slammed his head into "gate bars" while he was restrained in handcuffs and leg irons. (Doc. 1, ¶¶ 7, 9, 12). Plaintiff also alleges that Officer Chin threatened to kill him and struck him in the face with his closed fists, causing lacerations and swelling to Plaintiff's face. (Id., ¶¶ 8, 9, 10).

    On March 9, 2008, Plaintiff filed an "Informal Complaint Resolution Form" relating to the facts surrounding his alleged excessive use of force claim. (*See Page v. Correctional Officer Howard*, 1:08cv0099, Doc. 17, Ex. A). The Informal Complaint Resolution Form clearly states

that it must be "completed by the inmate within 14 days of incident." Plaintiff's grievance was filed more than one year after the February 22, 2007 incident. Previously, on February 26, 2008, Plaintiff filed a Complaint in the United States District Court for the Southern District of Ohio alleging violations of his constitutional rights under 42 U.S.C. § 1983 and state law claims for assault and battery. (*Page v. Correctional Officer Howard,* Case No. 1:08cv0099, Doc. 5). In that Complaint, Plaintiff raised identical claims against the same Defendants, and sought identical relief to that which he seeks in the current action.[1] By Order entered on May 26, 2009, the district court dismissed Plaintiff's Complaint for failure to exhaust his administrative remedies as required under the PLRA. (Id. at Doc. 42). In the August 3, 2009 Decision of the Chief Inspector on Plaintiff's Grievance Appeal, Plaintiff was again informed that his Informal Complaint was untimely as it was filed well in excess of the required 14 days following the incident. (Doc. 14, Ex. A).

Defendants now move to dismiss the Complaint pursuant to Fed. R. Civ. P.12(b)(6) because Plaintiff's Complaint is barred by *res judicata* and because Plaintiff failed to exhaust his administrative remedies as is required by the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997e(a). Upon careful review, and for the reasons that follow, the undersigned finds Defendants' motion to dismiss to be well-taken.

## OPINION

In ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the factual allegations in the complaint must be taken as true and construed in a light most favorable to plaintiff. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio,* 886 F.2d 826, 831 (6th Cir. 1989); *see also Broyde v. Gotham Tower, Inc.,* 13 F.3d 994, 996 (6th Cir. 1994).

Under 42 U.S.C. § 1997e, a prisoner confined in any jail, prison or other correctional facility may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 or any other federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Prison Litigation Reform Act, 42 U.S.C. §1997e(a) provides, in pertinent part:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In *Woodford v. Ngo,* 548 U.S. 81, 87-94 (2006), the Supreme Court held that to

---

[1] Plaintiff also sued Warden Edwin Voorhies in his previous action but has not done so in the present action.

2

properly exhaust administrative remedies prisoners must "complete the administrative review process in accordance with the applicable procedural rules." Furthermore, "the 'applicable procedural rules' that a prisoner must exhaust are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 127 S. Ct. 910, 913 (2007). Thus, compliance with prison grievance procedures is required by the PLRA to "properly exhaust." *Id*. at 922-23.

ODRC maintains a three-step inmate grievance system that is available to all inmates at each of its institutions. This system allows inmates to seek relief regarding "any aspect of institutional life that directly and personally affects the grievant." At the first level of the grievance system, the inmate submits an informal complaint to the staff member with responsibility, or to the direct supervisor of the staff member, or to the department most directly responsible over the subject matter with which the inmate is concerned. If the inmate is not satisfied with the results, he may take the second step by filing a formal grievance with the inspector of institutional services at the prison where he is confined. That inspector will investigate the matter and issue a written response to the inmate's grievance. If the inmate is still dissatisfied, he may pursue the third step, which is an appeal to the office of the Chief Inspector of ODRC. *See* Ohio Admin. Code §5120-9-31. An inmate does not exhaust his remedies under §5120-9-31 until he has received a decision in an appeal to the office of the Chief Inspector.[2]

All inmates in the custody of ODRC are given both written and oral instructions on how to use the grievance system, including instructions on appeals to the Chief Inspector's office and direct grievances to that office, as required by Ohio Admin. Code §5120-9-31(D).

Plaintiff contends that he exhausted his administrative remedies by filing a Grievance which he subsequently appealed to the Chief Inspector. (Doc. 14, Ex. A, 8/3/09 Decision of the Chief Inspector on a Grievance Appeal). As the Decision of the Chief Inspector points out, step number one of the grievance process must be initiated within fourteen days of the date of the event giving rise to the complaint. *See* O.A.C. § 5120-9-31(D)(1). The events that gave rise to the Complaint in the present action occurred on February 22, 2007. Pursuant to O.A.C. 5190-9-31(K)(1), Plaintiff had until March 8, 2007 in which to initiate step number one of the grievance process. However, Plaintiff filed an Informal Complaint Resolution on March 9, 2008, more than a year after the alleged excessive use of force incident. (Doc. 17., Exhibit A). Therefore, Plaintiff's grievance was untimely under O.A.C. § 5120-9-31(K)(1) and any appeal of that decision is time barred. Thus, Plaintiff did not timely utilize the prison grievance procedure and therefore he has failed to properly exhaust his administrative remedies. *Woodford*, 548 U.S. at 87- 94 (where the prisoner's grievance is denied as untimely, it has not been properly exhausted, and the prisoner may be procedurally barred from bringing that claim in federal court)).

---

[2] Where the inmate alleges misconduct on the part of the warden or inspector of institutional services at the prison where he is confined, he may initiate a grievance directly with the office of Chief Inspector. *See* Ohio Admin. Code §5120-9-30. There is no appeal from the Chief Inspector's decision in a direct grievance under §5120-9-30.

3

Plaintiff, relying on *McCarthy v. Madigan,* 503 U.S. 140 (1992), also contends that he is not required to exhaust his administrative remedies because the prison grievance system does not provide him with his preferred remedy, namely monetary compensation. (Doc. 17). However, Plaintiff's reliance on *McCarthy* is misplaced. In 2006, the Supreme Court held that a prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford,* 548 U.S. at 87-94. Moreover, an inmate must pursue all available administrative remedies before filing a claim in federal court, regardless of whether the inmate seeks relief that is not available in grievance procedures, such as monetary damages. *Id.* at 85 (citing *Porter v. Nussle,* 534 U.S. 516, 524 (2002)). For this reason, Plaintiff's contention that he is not required to exhaust his administrative remedies because he seeks monetary compensation is without merit.

Defendant argues alternatively that Plaintiff's present Complaint is barred by *res judicata*. Under the doctrine of *res judicata,* or claim preclusion, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326, n. 5 (1979); *Gargallo v. Merrill Lunch, Pierce, Fenner & Smith,* 918 F.2d 658, 660-61 (6th Cir. 1990). *Res judicata* "precludes not only relitigating a claim previously adjudicated; it also precludes litigating a claim or defense that should have been raised, but was not, in the prior suit." *Mitchell v. Chapman,* 343 F.3d 811, 819 (6th Cir. 2003), citing *Stern v. Mascio,* 262 F.3d 600, 608 (6th Cir. 2001); *Gargallo,* 918 F.2d at 660-61. *See also Federated Department Stores, Inc., v. Moitie,* 452 U.S. 394, 398 (1981)(res judicata prevents the "relitigating of issues that were or could have been raised in [a prior] action."); *Rogers v. Whitehall,* 494 N.E.2d 1387 (Ohio 1986)(prior adjudication serves to settle all issues between the parties that *could have been* properly litigated in the case as well as those issues which were actually raised and decided.). The Court must consider four issues in determining whether claim preclusion applies to *Pickett II*: (1) whether the prior decision was a final decision on the merits; (2) whether the present action is between the same parties or their privies as those to the prior action; (3) whether the claim in a present action should have been litigated in the prior action; and (4) whether an identity exists between the prior and present actions. *Mitchell,* 343 F.3d at 819; *Kane v. Magna Mixer Co.,* 71 F.3d 555, 560 (6th Cir. 1995), *cert. denied,* 517 U.S. 1220 (1996). When all issues are answered in the affirmative, claim preclusion applies to bar the subsequent lawsuit. *Id.*

In the present case, we can answer each of the questions above in the affirmative. The prior decision was clearly rendered on the merits. Pursuant to Fed. R. Civ. P. 41(b):

> Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

The district court's May 26, 2009 Order dismissing Plaintiff's Complaint is a dismissal for failure to state a claim upon which relief may be granted. Likewise, the court did not state that

4

the dismissal was anything other than on the merits. Therefore, the prior decision constitutes an adjudication on the merits pursuant to Fed. R. Civ. P. 41(b). The allegations in Plaintiff's current Complaint mirror those of his previous complaint (*See* Doc. 3; *Page v. Correctional Officer Howard*, 1:08cv0099, Doc. 5). Moreover, Plaintiff seeks identical relief to that sought in the prior action. (Id.). Lastly, each Defendant in the present case was a party to the prior action. (Id.). For these reasons, we find that Plaintiff's present Complaint is barred by *res judicata* and should be dismissed.

Finally, in light of the Court's decision herein, we find Defendants' Motion to Stay Discovery (Doc. 13) pending the resolution of its Motion to Dismiss to be moot and deny it as such.

## IT IS THEREFORE RECOMMENDED THAT

1) Defendants' Motion to Dismiss (Doc. 11) be GRANTED.

2) Plaintiff's Complaint be DISMISSED and this case be TERMINATED upon the Court's docket

3) The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## IT IS THEREFORE ORDERED THAT

1) Defendants' Motion to Stay Discovery (Doc. 13) be DENIED as moot.

Date: 9/7/10

Timothy S. Hogan
United States Magistrate Judge

5

## NOTICE TO THE PARTIES REGARDING THE FILING OF
## OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), within fourteen (14) days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\LES\prisoner1983\Page.mtd.wpd

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Hugh Page, Jr. A317-436<br>Ohio State Penitentiary<br>878 Coitsville-Hubbard Rd.<br>Youngstown OH 44505 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8389 8770 |
| PS Form 3811, August 2001 | Domestic Return Receipt   102595-02-M-1540 |

1:09cv599 (Doc. 20)